Evans J.
delivered the opinion of the Court.
The verdict of the jury must be considered as having settled the question of license, so that the only question to be decided is, whether the defendants had a right to hunt on the plaintiff’s land, under the authority of the cases of M’Connico v. Singleton, 2 Con. R., 244; and Broughton v. Singleton, 2 N. & M’C., 335. In these cases, it is conceded that no such right exists by the common law of England; but it is said to have become a right, by the immemorial usage of the State, commencing with its earliest settlement, common to all the people to hunt on any uninclosed grounds. The exact meaning of these words, or what kind of enclosure shall exclude the right of the hunter, it is perhaps very difficult to define. The word enclose, in common parlance, means to surround or to include, and the term close, means that which is surrounded. But does this *176 mean surrounded by something, which the labor and skill of man has placed around it, such as fences, or deep ditches, or walls of wood or stone or brick; or does it not also mean such barriers as clearly separate it from adjoining lands, whether they are the works of nature or the industry of man. We have no express legislation on this subject, but may we not safely resort for a guide to the analogous case, of what shall be a sufficient enclosure to protect the planter against the inroads of horses, cattle and hogs, whose right to go at large in the range, is derived from the same common origin, the common law of South Carolina. By the fence law of 1827, 6 Stat., 331, a deep, navigable stream, is declared to be equivalent to a fence, or in other words, where a field is surrounded, in whole or in part, by a deep, navigable stream, it is a sufficient enclosure to authorize the owner to empound stock depredating on his fields, or to subject him to the payment of the damages committed by them; such a stream is sufficient for a cultivated field, and as was well said in the argument, it would be strange if such a cultivated field should be sufficiently enclosed by the natural boundary of a deep, navigable stream, whilst one not cultivated should require in addition, a fence constructed by human labor. In any view which I have been able to take of this case, I am satisfied with the instructions given to the jury, on the trial below, and the motion is therefore dismissed.